Ms. Julie Benafield Bowman, CEO Workers' Compensation Commission 4th and Spring Streets P.O. Box 950 Little Rock, AR 72203-0950
Dear Ms. Bowman:
You have requested an Attorney General opinion concerning the application of Act 882 of 1999, which provided for certain benefits for persons who, under certain circumstances, became employees of the Office of Child Support Enforcement.
You indicate that your question arises out of a scenario in which a particular individual was employed by a public contractor, Pulaski County, which had a contract in effect with the state Office of Child Support Enforcement as of January 1, 1998. The employee moved from employment with Pulaski County, directly to employment with the state Office of Child Support Enforcement without a break in service. The employee subsequently (on February 8, 1999) made a lateral transfer to the Arkansas Workers' Compensation Commission with no break in service and is still employed by that agency.
Act 882 of 1999 was passed on March 25, 1999, and became effective on July 30, 1999. Therefore, because this employee left the Office of Child Support Enforcement on February 8, 1999, she was not employed by that office at the time Act 882 was passed or at the time it became effective.
You have asked:
 Is the employee who is described above entitled to credit for annual leave accrual and career service awards for the period of time she was employed by the public contractor, as provided in Act 882 of 1999?
It is my opinion that the employee whom you have described is entitled to the benefits provided by Act 882 of 1999, even though she was not employed by the Office of Child Support Enforcement when the Act was passed or when it became effective.
The pertinent language of Act 882 of 1999 states:
 Any employee of the Office of Child Support Enforcement who was formerly employed by a public contractor with a contract in effect as of January 1, 1998, with the Office of Child Support Enforcement, and who moved from employment with the public contractor to employment with the Office of Child Support Enforcement without a break in service, shall be entitled to credit for service for the time they were employed by the contractor for the purpose of establishing eligibility for annual leave accrual and career service awards to the same extent as regular state employees.
Acts 1999, No. 882, A.C.A. § 1.
It is my opinion that the above-quoted language from Act 882 should govern the situation you have described. I base this conclusion on the fact that this provision is facially retroactive.[1] That is, by expressly stating a past date, the language of the statute appears to have intended to include service rendered before the effective date of the act. Moreover, it is clearly aimed at service rendered before employment with the Office of Child Support Enforcement. It is not the time of service with the Office of Child Support Enforcement that is being targeted by this Act; it is the service prior to employment with the Office of Child Support Enforcement. Moreover, this language from the Act does not limit the Act's applicability to employees who continue to work for the Office of Child Support Enforcement for a certain period of time, nor does it make exceptions in cases where the employee in question subsequently leaves the Office of Child Support Enforcement for employment with another state agency. Rather, this language was obviously intended to extend benefits for service that took place prior to the individual's employment with the Office of Child Support Enforcement. That is the real focus of the Act. The employee's length of service with the Office of Child Support Enforcement appears to have little to do with the purpose of the Act, which is directed at previous service.
For this reason, I conclude that the scenario you have described appears to be one that is governed by Act 882. The individual in question was formerly employed by a public contractor that had a contract with the Office of Child Support Enforcement that was in effect as of January 1, 1998, and subsequently moved from employment with that public contract to employment with the Office of Child Support Enforcement without a break in service. This is all that is required by the Act. The individual whom you described met the Act's requirements and is therefore entitled to the benefits provided by the act.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Legislation is generally presumed not be retroactive unless an intent that it operate retroactively is expressly stated. See, e.g.,Ark. Dept. of Human Services v. Walters, 315 Ark. 204, 866 S.W.2d 823
(1993).